IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
CAROLINA CASUALTY INSURANCE    )
COMPANY,                       )
                               )
              Plaintiff,       )      8:09CV295
                               )
       v.                      )
                               )
THE LAW FIRM OF RAYNOR, RENSCH )      ORDER
& PFEIFFER, JOHN P. RAYNOR,    )
FIRST STATE BANK, A & G        )
PRECISION PARTS LLC, A & G     )
PRECISION PARTS FINANCE LLC,   )
DENNIS WALKER and JANE OR      )
JOHN DOES 1-10,                )
                               )
              Defendants.      )
_____)
```

This matter is before the Court on defendants A & G Precision Parts LLC ("Parts"), A & G Precision Parts Finance LLC ("Finance"), and Dennis Walker's motion to set aside default (Filing No. 21).[1]  Upon review, the Court finds the motion should be granted.

On November 18, 2009, pursuant to plaintiff's motion, the Clerk of Court filed a clerk's entry of default in accordance with Federal Rule of Civil Procedure 55(a) against Walker, Finance, and Parts for failure to timely respond to the complaint (Filing No. 19).  The Court may set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  In determining whether good cause exists, the Court should weigh "whether the conduct of the

---

[1] Diana Walker also moves to set aside the entry of default against her to the extent that she is one of the defendants identified as Jane Doe 1 through 10, but default has not been entered against Jane Does 1-10 (*See* Filing No. 19).  Accordingly, there is no entry of default to set aside with regard to Diana Walker.

defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)).

The Court finds good cause exists to set aside the entry of default against Parts, Finance, and Walker.[2]  Taking defense counsel's representations as true, Parts, Finance, and Walker attempted to file a timely motion to dismiss.  While it is not clear why this attempt was unsuccessful, the record sufficiently demonstrates Parts, Finance, and Walker's intent to defend the complaint.  Plaintiff has not identified any prejudice that it will suffer if the entry of default is set aside with respect to Parts, Finance, and Walker, and these defendants have presented a potentially meritorious defense.

The Court grants Parts, Finance, and Walker leave to file their motion to dismiss out of time.  These defendants are directed to re-file the motion to dismiss that was attached to the present motion, without amendment or alteration, on or before January 25, 2010.  The parties will have the ordinary rule time to respond and reply to the motion.  Accordingly,

---

[2] This order does not apply to defendants other than Parts, Finance, and Walker.

IT IS ORDERED:

1) The entry of default against Parts, Finance, and Walker is set aside; and

2) Parts, Finance, and Walker shall re-file their motion to dismiss on or before January 25, 2010.

DATED this 20th day of January, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court