IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
CAROLINA CASUALTY INSURANCE    )
COMPANY,                       )
                               )
              Plaintiff,       )     8:09CV295
                               )
     v.                        )
                               )
A & G PRECISION PARTS LLC, A & )     MEMORANDUM OPINION
G PRECISION PARTS FINANCE LLC, )
DENNIS WALKER and JANE OR      )
JOHN DOES 1-10,                )
                               )
              Defendants.      )
_____)
```

This matter is before the Court on defendants A & G Precision Parts, LLC, A & G Precision Parts Finance, LLC, and Dennis Walker's (collectively, the "A&G Defendants"), motion to dismiss them from this suit pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Filing No. 25), the parties' supplemental stipulation regarding motion to dismiss (Filing No. 33), and plaintiff's motion to strike reply brief, or alternatively, for leave to file a sur response brief (Filing No. 38). Upon review, plaintiff's motion to strike reply brief will be denied as moot, as it has been withdrawn (Filing No. 40); plaintiff's alternative motion for leave to file a sur response brief will be granted;[1] and the A&G Defendants' motion to dismiss will be granted.

---

[1] Plaintiff has already filed a sur response brief (Filing No. 40), and it has been reviewed and considered.

**BACKGROUND**

Plaintiff issued a lawyers' professional liability insurance policy for the benefit of defendants Raynor, Rensch & Pfeiffer ("RRP") and John Raynor, which was in force from October 1, 2008, to October 1, 2009 (the "Policy"). RRP, Raynor, and the A&G Defendants are currently involved in a lawsuit pending in state court, which among other things, involves claims asserted by the A&G Defendants against Raynor and RRP.

Plaintiff filed this action, seeking a declaratory judgment pursuant to Neb. Rev. Stat. § 25-21, 149 that the Policy does not provide coverage for RRP, Raynor, or Jane/John Does 1-10 for claims asserted in the state court action, and that plaintiff has no duty to defend such claims. According to the complaint, the A&G Defendants were named in this action as "necessary parties" but no affirmative relief is sought against them.

On March 17, 2010, the Court entered a default judgment against RRP, Raynor, and First State Bank and granted declaratory relief in favor of plaintiff as to those defendants on the terms set forth in Filing No. 39.

The A&G Defendants now move to dismiss them as parties in this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that (1) the complaint does not seek any relief against the A&G Defendants, and (2) there is no legal relationship between the A&G Defendants and plaintiff. In

addition, the A&G Defendants contend that any potential claim plaintiff has against them is not ripe.

## DISCUSSION

The Court finds the A&G Defendants should be dismissed as parties in this action without prejudice pursuant to Rule 12(b)(6) because the complaint fails to state any claim for relief against them. Because a default judgment has now been entered against RRP and Raynor, the A&G Defendants' joinder in this action is no longer necessary.

Plaintiff has indicated that if the present complaint is deficient with respect to the A&G Defendants, it would like leave to file an amended complaint, but because the Court finds that any amendment would be futile, leave to amend will not be granted. It is evident that plaintiff seeks to obtain a declaration of noncoverage that will be binding on the A&G Defendants in the future in the event the A&G Defendants obtain a judgment against Raynor and RRP in the state court action and seek to garnish Policy proceeds as a result of that judgment. At this time, such a claim is premature. *See Med. Protective Co. v. Schrein*, 255 Neb. 24, 28-31, 582 N.W.2d 286, 290-91 (1998). The A&G Defendants have advised the Court that they will likely be seeking leave to amend their claims in the state court action and that discovery in that action is in its early stages. Thus, the Court finds that the anticipated claims plaintiff would assert if granted leave to amend are not ripe at this time.

The A&G Defendants' motion to dismiss them as parties in this action pursuant to Rule 12(b)(6) for failure to state a claim will be granted; the A&G Defendants will be dismissed without prejudice.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 20th day of April, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court